IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAROLYN O'NEILL, <br><br> **Plaintiff,** <br><br> v. <br><br> SIH ST. JOSEPH MEMORIAL HOSPITAL, SIH HEALTHCARE SYSTEM, DR. ALAN WILSON, RN AMBER, JANE DOE and JOHN DOE, <br><br> **Defendants.** | Case No. 3:25-CV-2231-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Carolyn O'Neill, who is proceeding *pro se*, initiated this action on December 29, 2025. (Doc. 3). O'Neill alleges that Defendants were involved in an incident that occurred when she was admitted to the emergency department ("ED") at SIH St. Joseph Memorial Hospital in Murphysboro, Illinois ("St. Joseph") on December 29, 2023. (*Id.*). O'Neill now seeks to proceed in this district court without prepaying court fees or costs. (Doc. 4).

Under 28 U.S.C. § 1915(a)(1), an indigent party may commence a federal court action without paying the required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed IFP; an affidavit demonstrating that the plaintiff cannot, because of her poverty, provide herself with the

necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

Upon reviewing O'Neill's affidavit, the Court is satisfied that she is indigent. (Doc. 4). O'Neill is unemployed and earns no taxable income. (*Id.*). She receives only limited spousal support and has a "minimal" amount of cash or money in a checking or savings account. (*Id.*). Her basic living and medical expenses exceed her income, and her 2018 Dodge Caravan is her primary residence. (*Id.*). She also has significant debt. (*Id.*). Based on this financial information, the Court finds that O'Neill is indigent under 28 U.S.C. § 1915(a)(1).

Under § 1915(e)(2), the Court must now screen O'Neill's complaint and dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

In reviewing the complaint, the undersigned is mindful that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in

the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

O'Neill alleges that she entered the ED at St. Joseph for a non-emergency mental health referral. (Doc. 3 at p. 7). Specifically, she presented at the ED due to severe emotional distress related to documented violent, sexual writings authored by her spouse. (*Id.*). At the time, she was calm, cooperative, and did not pose a danger to herself or others. (*Id.*). Despite requesting to leave, she was detained against her will by hospital staff, including Defendant Dr. Alan Wilson. (*Id.*). Law enforcement was also called. (*Id.*). Dr. Wilson pointed out that the officers "had guns," which O'Neill understood as coercive pressure to comply with their orders. (*Id.*). O'Neill was physically restrained by staff members, placed on a gurney, and restrained at her wrists and ankles. (*Id.*). Staff members also cut off her bra without medical necessity or explanation. (*Id.*). O'Neill did not resist and complied with all instructions. (*Id.*).

O'Neill states that, at the time of the incident, she had disabilities and medical conditions including autism, PTSD, and a history of Stevens-Johnson Syndrome,[1] which were documented in her medical and intake records. She repeatedly warned staff of

---

[1] Stevens-Johnson syndrome is a rare, serious disorder of the skin and mucous membranes. It is usually a reaction to medication that starts with flu-like symptoms, followed by a painful rash that spreads and blisters. The top layer of affected skin dies, sheds, and begins to heal after several days. "Stevens-Johnson syndrome," Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/stevens-johnson-syndrome/symptoms-causes/syc-20355936 (last visited Jan. 27, 2026).

serious medication risks and asked that any medication be verified before administration. (*Id.*). She also explicitly refused consent to any injectable medication. (*Id.*).

Despite these warnings, and while O'Neill was restrained, hospital staff refused to identify the drug they intended to administer, refused to verify its safety, and proceeded to inject her with Geodon without disclosure, consent, or appropriate evaluation. (*Id.*). The restraints were also improperly positioned, causing loss of sensation and circulation in her arm. (*Id.*). Staff then removed telemetry monitoring and failed to perform circulation, motor, or sensation checks on her extremities. (*Id.*). O'Neill was restrained for an extended period of time, denied access to her phone and family, denied bathroom access, and was exposed to cold conditions overnight. (*Id.*). She was told the lack of bathroom access or a bedpan was due to her "acting out." (*Id.*). O'Neill was released on December 30, 2023. (*Id.*). Within 48 hours, she developed persistent tachycardia and debilitating neurological symptoms, later diagnosed as functional neurological disorder. (*Id.*).

O'Neill asserts that these actions occurred pursuant to hospital policies and practices governing detention, restraint, monitoring, and involuntary medication of patients. As a result of Defendants' actions, she suffered physical injury, emotional distress, loss of bodily autonomy, and subsequent medical complications requiring ongoing care. (*Id.*). As relief, she seeks monetary damages as well as an order requiring Defendants to cease the use of involuntary detention, physical restraint, and forced medication without informed consent. (*Id.* at p. 8).

## JURISDICTION

O'Neill states that she is bringing this action pursuant to 42 U.S.C. § 1983 for violations of her Fourteenth Amendment rights. She also references federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction under 28 U.S.C. § 1367.

Federal courts possess "limited jurisdiction." *Boim v. Am. Muslims for Palestine*, 9 F.4th 545, 550 (7th Cir. 2021). "[D]istrict courts can only exercise power if authorized by Congress, so each case in federal court must rest upon an independent statutory basis for federal jurisdiction." *Id.* at 551. The majority of cases that are filed in federal court either arise under federal law, and thus are permitted under 28 U.S.C. § 1331 ("federal question jurisdiction"), or they involve diverse parties and more than $75,000 in controversy (exclusive of interest and costs), and thus are permitted under 28 U.S.C. § 1332 ("diversity jurisdiction"). *Id.*

"Sections 1331 and 1343 provide the district court with jurisdiction over actions arising under the Constitution or federal law, or for any constitutional deprivation arising under color of state law." *Kavouras v. Fernandez-Powers*, 928 F.2d 407 (7th Cir. 1991); *see also Myles v. United States*, 416 F.3d 551, 554 (7th Cir. 2005) ("Section 1343(a)(3) covers only civil rights claims against state actors and has had no legal effect since 1976, when Congress amended § 1331 to eliminate any amount-in-controversy requirement."). Thus, to establish jurisdiction, the action must arise under the Constitution or federal law, or O'Neill must have alleged a constitutional violation by a state actor or by a private actor acting under color of state law. "The under-color-of-state-law element means that § 1983

does not permit suits based on private conduct, 'no matter how discriminatory or wrongful.'" *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)); *see also Orr v. Shicker*, 147 F.4th 734, 739 (7th Cir. 2025) (§ 1983 imposes liability on any person who, acting under color of state law, violates the Constitution or federal law).

The Court presumes O'Neill drafted her lawsuit as a § 1983 violation because she used this District's *Pro Se* Civil Rights Complaint form. She has not, however, alleged that any Defendant was a state actor or a private actor acting under color of state law. Thus, her claims cannot be brought under § 1983, and the Court lacks federal question jurisdiction.[2]

As noted above, however, a case can also be brought in federal court when it involves diverse parties and more than $75,000 in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332. Diversity means no defendant has the same citizenship as any plaintiff. *City of E. St. Louis, Illinois v. Netflix, Inc.*, 83 F.4th 1066, 1070 (7th Cir. 2023). According to the Complaint, O'Neill is a citizen of Maryland, and the amount in controversy is alleged to exceed $75,000. (Docs. 3, 3-1). But because O'Neill has not alleged the citizenship of Defendants, the Complaint must be amended to properly allege this Court's jurisdiction.

For these reasons, the Court **GRANTS** O'Neill's Motion for Leave to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 4). The Complaint (Doc. 3) is

---

[2] O'Neill's claims more likely sound in medical negligence or medical battery.

**DISMISSED without prejudice**. O'Neill is **ORDERED** to file an Amended Complaint that asserts the citizenship of each of the Defendants, as well as the amount in controversy, on or before **March 2, 2026**. O'Neill should also consider amending her Complaint to assert viable claims under Illinois tort law, as opposed to § 1983.

O'Neill is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in her address; the Court will not independently investigate her whereabouts. This shall be done in writing and not later than **14 days** after a change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   January 28, 2026

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**